UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH VIGLIONE,<br><br>          **Plaintiff**<br>v.<br><br>15 BEACON STREET CORPORATION, and<br><br>PAUL ROIFF,<br><br>          **Defendants** | **Civil Action** |

**COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

Jurisdiction and Venue

This Action is brought under the Copyright Laws of the United States as amended, 17 U.S.C. §§ 101 et seq., to redress the infringement of one of Plaintiff's copyrighted photographs, and 17 U.S.C. §§ 1201-1203, to redress the removal of Plaintiff's copyright management information from said photograph.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1338(a) and proper venue exists under 28 U.S.C. §1400(a).

The Parties

1. Plaintiff, KEITH VIGLIONE, (hereinafter, "Viglione" or "Plaintiff") resides and has a principal place of business at 38 Phillips Drive, Newburyport, Essex County, Commonwealth of Massachusetts.

2. Viglione is a professional photographer who conducts business under his own name as well as under the name, 617 Images.

3. Defendant, 15 BEACON STREET CORPORATION (hereinafter, "15 Beacon Street") is a Massachusetts corporation duly organized by law having a principal place of business at 15 Beacon Street, Boston, Suffolk County, Massachusetts 02108. At all times material to this Action, 15 Beacon Street owned and/or operated a hotel in Boston known as XV Beacon Hotel.

4. Defendant, Paul Roiff ("Roiff") is an individual who resides in the Commowealth of Massachusetts and who regularly conducts business at 74A Clarendon Street, Boston, Suffolk County, Massachusetts 02116. At all times material hereto, Roiff was the president and a director of 15 Beacon Street, and an agent, servant or employee in charge of its business.

## Introductory Facts

5. Viglione is now and has always been the author and copyright claimant of a photograph of the Boston skyline taken from Cambridge. The photograph features the Prudential Tower with the words, "GO PATS" emblazoned on the building, which is reflected in the Charles River. A copy of the Boston skyline photograph (hereinafter, the "Photograph") is attached hereto as "Exhibit A" and is incorporated herein by reference.

6. The Photograph was registered with the U.S. Copyright Office effective February 4, 2019, under the name "*2019 Boston Prudential Tower lit GO PATS*," and it was given Certificate of Registration Number VA 2-154-160. A copy of the Certificate of Registration is attached hereto as "Exhibit B" and is incorporated herein by reference.

7. In or around 2019, Viglione published the Photograph for viewing and licensing on his website located at https://www.617images.com (the "Website") as well as on a number of his social media sites, namely, Twitter, Instagram and Facebook.

8. Viglione published the Photograph on his Website and social media sites with his copyright management information ("CMI") prominently displayed in a watermark on the center bottom of the image, as well as embedded within the metadata of the Photograph.

## COUNT I
(Copyright infringement claim against 15 Beacon Street)

9. Viglione re-alleges and incorporates paragraphs 1 through 8 above as if all of said paragraphs were restated herein in their entirety.

10. Upon information and belief, 15 Beacon Street and/or its agents, servants or employees copied the Photograph either from Viglione's Website or one of his social media sites without Plaintiff's permission or authority, and displayed the Photograph on the website of the XV Beacon Hotel. A copy of one of the uses of the Photograph by 15 Beacon Street is attached hereto as "Exhibit C' and is incorporated herein by reference.

11. 15 Beacon Street or its agents, servants or employees have infringed Viglione's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph within the United States in violation of Title 17 of the U.S. Code.

12. Upon information and belief, 15 Beacon Street has benefitted from the unauthorized use and infringement of the Photograph, while Viglione has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill in the marketplace. As a result thereof, Viglione is entitled to injunctive relief, actual and profit

damages, and in lieu thereof, statutory damages, costs and attorney's fees and such other relief as set forth in Title 17.

## COUNT II
(Willful copyright infringement claim against 15 Beacon Street)

13. Viglione re-alleges and incorporates paragraphs 1 through 12 above as if all of said paragraphs were restated herein in their entirety.

14. As is his pattern and practice, Viglione clearly marked the Photograph – both on the face of the image itself, and in the metadata for the Photograph – with his Copyright Management Information ("CMI"), including a legible copyright notice in his name or the name of his company. Furthermore, the CMI metadata includes Viglione's email address and copyright notice. Viglione does this to distinguish his photographs from the works of others in his field, and to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his works appreciates that Viglione owns all rights and title in and to his images.

15. Upon information and belief, 15 Beacon Street, its agents, servants or employees or third parties acting on its behalf, willfully disregarded Viglione's CMI in and on the Photograph, and uploaded the image to one or more websites owned or controlled by 15 Beacon Street. Defendant, 15 Beacon Street knew or should have known that Viglione was the sole author and owner of all rights to the Photograph, and that its use of the Photograph without Viglione's permission or authority, was a willful violation of the copyright to the Photograph.

16 Upon information and belief, 15 Beacon Street has benefitted from its infringement of the Photograph, while Viglione has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill. As a result, Viglione is entitled to injunctive relief, his actual damages, including disgorgement of 15 Beacon Street's

profits, or in lieu of his actual damages and 15 Beacon Street's profits, such statutory damages, costs, attorney's fees and other relief as are provided for under Title 17.

### **COUNT III**
(Vicarious Copyright Infringement against Roiff)

17. Viglione re-alleges and incorporates paragraphs 1 through 16 above as if all of said paragraphs were restated herein in their entirety.

18. Pleading further but without waiver of the foregoing, Viglione alleges that while the aforesaid infringing acts were being performed by 15 Beacon Street, its agents, servants or employees, Defendant, Roiff was an officer, director, shareholder and/or controlling principal of 15 Beacon Street.

19. On information and belief, Roiff controlled most of the marketing decisions and other activities of 15 Beacon Street including providing hands-on decision making with respect to the social media and other promotions of 15 Beacon Street and the XV Beacon Hotel, making many if not most of the decisions. Roiff thus had the right and ability to supervise and/or control the infringing conduct of 15 Beacon Street and its employees, agents, or servants, and/or to stop the infringement once it began. Additionally, and upon information and belief, Roiff as an officer, director, shareholder and/or other principal of 15 Beacon Street had obvious and direct financial interests in the infringing activities of 15 Beacon Street.

20. Accordingly, Roiff is personally liable to Viglione as a contributory infringer or is otherwise vicariously liable for the infringing activities of 15 Beacon Street.

### Causation / Damages

21. As a result of the conduct of 15 Beacon Street, as well as the conduct of Roiff as alleged in Count I through Count III herein, Viglione has sustained actual damages in an amount to be determined by this court. Such actual damages include, but are not limited to the dilution

of the market value of the Photograph, lost profits and/or lost licensing revenue, and disgorgement of the infringers' profits attributable to the unauthorized use and infringement of the Photograph.  In lieu of Viglione's actual damages and Defendants' profits, Viglione is seeking statutory damages under 17 U.S.C. § 504(c), and costs and attorney's fees for research time in tracking-down and documenting the infringements, research time tracking-down and emailing and contacting the Defendants, and their attorneys in an attempt to try to amicably resolve the matter, and for the drafting, filing and service of this complaint and related documents.

## Relief Requested

22.     Viglione demands an accounting of Defendants' activities in connection with their infringements of his copyright in and to the Photograph, as well as disgorgement of profits attributable to the infringing activities, and all other benefits realized by Defendants through their infringing activities.

23.     Viglione is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringement.

24.     Alternatively, and at Viglione's election before final judgment is entered, Viglione is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000, plus costs and attorney's fees pursuant to 17 U.S.C. § 504(c) and § 505.

WHEREFORE, Viglione demands judgment as follows:

a.      That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Viglione's copyright to the Photograph in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or

otherwise distributing the Photograph and any derivative copies thereof, and from using the Photograph in sales, marketing, and/or advertising in print and electronically;

      b.      That Defendants be required to deliver-up for impounding during the pendency of this Action, and for destruction thereafter, all images which infringe Viglione's copyright, and all prints, film, negatives, electronic copies, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of said Defendants;

      c.      That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above described;

      d.      That Defendants be ordered to pay over to Viglione his actual damages sustained, in addition to all of their profits attributable to the infringements, and which are not taken into account in computing Viglione's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

      e.      In the alternative, and at Viglione's election before final judgment is rendered, that Defendants be ordered to pay maximum statutory damages in the amount of $150,000 for the Photograph infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the court or jury may deem appropriate;

      f.      That Defendants be ordered to pay to Viglione all his costs including reasonable attorney's fees; and

      g.      That Viglione recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Date: December 10, 2019

*/s Andrew D. Epstein*
_____
Andrew D. Epstein (BBO#155140)
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA   02110
Tel:  617.482.4900
Fax: 617-426-5251
Email:  photolaw@aol.com