# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEITH VIGLIONE,<br>        Plaintiff, | )<br>)<br>) | CIVIL ACTION NO. |
| v. | )<br>)<br>) | 1:19-CV-12486-RGS |
| 15 BEACON STREET CORP.;<br>15 BEACON STREET, LLC;<br>LUXE SOCIAL MEDIA, LLC; and<br>TIFFANY DOWD,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) | |

## PROTECTIVE ORDER

All Defendants to this action have moved this Court for the entry of a Protective Order to govern the production of discovery material pursuant to Federal Rule of Civil Procedure 26(c), by both parties and non-parties in the above-captioned action, and the court having approved such order:

IT IS HEREBY ORDERED THAT:

### 1.

Each party to this litigation who produces or discloses any document (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into readable usable form), interrogatory answer, admission, testimony adduced at a deposition upon oral examination or written question, information obtained from inspection of premises or tangible things, or other information which the producing or disclosing party deems to be proprietary and wishes to be subject to this Protective Order may designate the same as Confidential

Information, by marking it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY".

**2.**

All protected subject matter designated as "CONFIDENTIAL" shall be retained by counsel for the receiving party during the pendency of this litigation. Such materials, and any copies thereof or extracts therefrom, shall not be subject to inspection by, and shall not be disclosed to, anyone other than:

a.   any directors, officers, employees, or independent contractors of a party to whom the party's counsel of record reasonably believes disclosure is necessary in connection with preparation for discovery, hearings, trial, or enforcement proceeding in this action;

b.   the parties' counsel of record in this case, and their in-house counsel, and their employees or professional assistants, paralegals, legal assistants, and secretaries actually working on the litigation;

c.   any person who is being questioned in a deposition, hearing, or trial if such person is an employee of the supplying party or was a recipient, sender, or creator of such Confidential Information, or if the attorney providing such Confidential Information to such person has a good faith belief that such person has specific knowledge about such Confidential Information;

d.   Court or Court personnel at any pretrial, trial, or post-trial stage in this case;

e.   any independent (unaffiliated with any party) experts, consultants, or independent contractors employed to advise or assist counsel of record for any party in

preparation, hearing, trial, post-trial, or enforcement proceedings phases of this action, provided that such expert, consultant, or contractor to whom the disclosure is to be made consents in writing to be bound by the terms of this Order by executing the form of the Confidentiality Undertaking attached hereto as Exhibit "A";

f.      court reporters actually recording proceedings in this action; and

g.      other persons as agreed to by the parties or as ordered by the Court.

Persons who, by virtue of the conduct of this litigation, have knowledge of the designated Confidential Information shall not suffer or permit its disclosure or that of any information obtained, derived, compiled or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information, nor use such information for any purpose except this litigation, unless and until such designation is removed either by stipulation by counsel for the parties or by order of the Court.

**3.**

Documents and other material designated "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY" pursuant to the terms of this Order may only be disclosed to qualified persons falling within the categories set forth in Paragraphs 2 (b) (with "and their in-house counsel," excluded), (c) (with "or if the attorney providing such Confidential Information to such person has a good faith belief that such person has specific knowledge about such Confidential Information" excluded), (d), (e), (f), and (g).

**4.**

The identification of information as Confidential Information shall be made at a time when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and when an inspection of premises or tangible things is made. With respect to the deposition of any person, a claim that an answer discloses Confidential Information may be entered in the transcript. No person may attend a deposition where such information is given unless he or she is entitled to receive such information under a provision of this Protective Order. Additionally, each party shall have fourteen days after receipt of the deposition transcript within which to notify the other party of the portions of the transcript disclosing Confidential Information. The right to make such designation shall be waived unless made before the end of the fourteen-day period. No deposition may be read by anyone other than counsel and the deponent during the fourteen-day period. Upon being informed that certain portions of a deposition disclose Confidential Information, each party must cause each copy in their custody or control to be so marked immediately.

**5.**

Should counsel for any party desire to use Confidential Information, or any summary thereof or extract therefrom, during the trial of this action, he or she prior to such use shall bring the confidentiality thereof to the attention of this court and/or the producing party which designated the information as confidential. Counsel for the producing party may request that any portion of the transcript or exhibit containing such information be filed under seal with this court, and be accorded confidential treatment as provided by the terms of this Protective Order. All those present at the time of such use shall be directed to treat such information as confidential,

and counsel for the parties shall exercise all reasonable care not to disclose such materials needlessly in the public record of this proceeding nor to persons not entitled under this Order to receive such information.

**6.**

Acceptance by a party of any information, document or tangible thing identified as Confidential Information hereunder shall not constitute a concession that the information, document or thing is confidential. If, subsequent to the acceptance of information, documents or things identified as Confidential Information, a party wishes this court to rule upon the other party's claim of confidentiality, that party may move this court for such determination. In the resolution of such motion, the burden of establishing the confidentiality of the information, document, or thing shall be on the party who made the claim of confidentiality.

**7.**

If material identified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY," or any portion thereof, is disclosed by the receiving party to any person or party not authorized to receive such material under this Protective Order, then the receiving party shall use its best efforts to retrieve immediately all copies of such material, and to bind such person to the terms of this Order.  In such event, the receiving party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the producing party; and (c) request that such person execute the Confidentiality Undertaking in Exhibit A.

**8.**

Neither the taking of any action in accordance with the provision of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Order shall not be construed as a waiver of any right to make any other type of objection, claim or other response.

**9.**

This Protective Order shall supersede all prior oral or letter agreements between the parties relating to confidential treatment of information produced in discovery, and shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.

IT IS SO ORDERED, this 24th day of February, 2021

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

## EXHIBIT A
## CONFIDENTIALITY UNDERTAKING

I, _____, state that:

My business address is _____.

My present employer, title and/or position is _____

_____.

I have read and reviewed in its entirety the Protective Order ("Protective Order") entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, Party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 2021.

_____
Name